### HANNABALL v. SPALDING.

*A new trial cannot be granted in a* qui tam *action as to the civil part only without the other.*

WRIT OF ERROR to reverse a judgment of the County Court, in a *qui tam* prosecution, brought by said Spalding against said Hannaball before a justice, for stealing a handkerchief of the value of seven shillings; and of which said Hannaball was convicted before the justice; and appealed to the County Court; and before the County Court he was acquitted. Spalding afterwards brought a petition for a new trial; on the ground of having discovered new evidence; upon which the County Court granted a new trial in said cause as to the civil part only; and upon the new trial Hannaball was found guilty, and the handkerchief judged to be of the value of five shillings;

Badcock v. Steadman.

and the court gave judgment for the plaintiff to recover fifteen shillings lawful money the three fold damages, and his cost taxed at £9.

Errors assigned are — 1st. That said County Court ought not to have granted a new trial; it being a criminal prosecution. 2d. That no new trial could be granted as to one part of the suit without the other. And, 3d. That said County Court erred in rendering the final judgment in said cause. Plea nothing erroneous.

Judgment manifest error. Upon the ground that a new trial is not to be granted, in a criminal cause, to a prosecutor, unless the acquittal was procured by some fraud or malpractice. That a new trial cannot be granted as to one-half of a prosecution, and not the other.